**9-2.031 Dual and Successive Prosecution Policy ("Petite Policy")**

A. Statement of Policy: This policy establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding. *See Rinaldi v. United States,* 434 U.S. 22, 27, (1977); *Petite v. United States,* **361 U.S. 529 (1960).** Although there is no general statutory bar to a federal prosecution where the defendant's conduct already has formed the basis for a state prosecution, Congress expressly has provided that, as to certain offenses, a state judgment of conviction or acquittal on the merits shall be a bar to any subsequent federal prosecution for the same act or acts. *See* 18 U.S.C. §§ 659, 660, 1992, 2101, 2117; *see also* 15 U.S.C. §§ 80a-36, 1282.

The purpose of this policy is to vindicate substantial federal interests through appropriate federal prosecutions, to protect persons charged with criminal conduct from the burdens associated with multiple prosecutions and punishments for substantially the same act(s) or transaction(s), to promote efficient utilization of Department resources, and to promote coordination and cooperation between federal and state prosecutors.

This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unvindicated; and third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact. In addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General.

Satisfaction of the three substantive prerequisites does not mean that a proposed prosecution must be approved or brought. The traditional elements of federal prosecutorial discretion continue to apply. *See Principles of Federal Prosecution,* USAM 9-27.110.

In order to insure the most efficient use of law enforcement resources, whenever a matter involves overlapping federal and state jurisdiction, federal prosecutors should, as soon as possible, consult with their state counterparts to determine the most appropriate single forum in which to proceed to satisfy the substantial federal and state interests involved, and, if possible, to resolve all criminal liability for the acts in question.

B. **Types of Prosecution to which This Policy Applies:** This policy applies only to charging decisions; it does not apply to pre-charge investigations. Yet, where a prior prosecution has been brought based on substantially the same act(s) or transaction(s), a subsequent federal investigation should, generally speaking, initially focus on evidence relevant to determining whether a subsequent federal prosecution would be warranted in light of the three substantive prerequisites previously listed.

Keeping in mind the distinction between charging decisions and precharge investigations, this policy applies whenever the contemplated federal prosecution is based on substantially the same act(s) or transaction(s) involved in a prior state or federal prosecution.

This policy constitutes an exercise of the Department's prosecutorial discretion, and applies

even where a prior state prosecution would not legally bar a subsequent federal prosecution under the Double Jeopardy Clause because of the doctrine of dual sovereignty *(see Abbate v. United States,* 359 U.S. 187 (1959)), or a prior prosecution would not legally bar a subsequent state or federal prosecution under the Double Jeopardy Clause because each offense requires proof of an element not contained in the other. *See United States v. Dixon,* 509 U.S. 688 (1993); *Blockburger v. United States,* 284 U.S. 299 (1932).

This policy does not apply, and thus prior approval is not required, where the prior prosecution involved only a minor part of the contemplated federal charges. For example, a federal conspiracy or RICO prosecution may allege overt acts or predicate offenses previously prosecuted as long as those acts or offenses do not represent substantially the whole of the contemplated federal charge, and, in a RICO prosecution, as long as there are a sufficient number of predicate offenses to sustain the RICO charge if the previously prosecuted offenses were excluded.

This policy does not apply, and thus prior approval is not required, where the contemplated federal prosecution could not have been brought in the initial federal prosecution because of, for example, venue restrictions, or joinder or proof problems.

Please note that when there is no need for prior approval because this policy does not apply, all other approval requirements remain in force. One example of another approval requirement is the one requiring Criminal Division approval of all RICO indictments.

C. **Stages of Prosecution at which Policy Applies:** This policy applies whenever there has been a prior state or federal prosecution resulting in an acquittal, a conviction, including one resulting from a plea agreement, or a dismissal or other termination of the case on the merits after jeopardy has attached.

Once a prior prosecution reaches one of the above-listed stages this policy applies, and approval is required before a federal prosecution can be initiated or continued, even if an indictment or information already has been filed in the federal prosecution.

An exception occurs, and this policy does not apply, if the federal trial has commenced and the prior prosecution subsequently reaches one of the above-listed stages. When, however, a federal trial results in a mistrial, dismissal, or reversal on appeal, and, in the interim, a prior prosecution has reached one of the above listed stages. When, however, a federal trial results in a mistrial, dismissal, or reversal on appeal, and, in the interim, a prior prosecution has reached one of the above listed stages, this policy applies.

D. **Substantive Prerequisites for Approval of a Prosecution Governed by this Policy.** As previously stated there are three substantive prerequisites that must be met before approval will be granted for the initiation or a continuation of a prosecution governed by this policy.

The first substantive prerequisite is that the matter must involve a substantial federal interest. This determination will be made on a case-by-case basis, applying the considerations applicable to all federal prosecutions. *See Principles of Federal Prosecution,* USAM 9-27.230. Matters that come within the national investigative or prosecutorial priorities established by the Department are more likely than others to satisfy this requirement.

The second substantive prerequisite is that the prior prosecution must have left that

substantial federal interest demonstrably unvindicated. In general, the Department will presume that a prior prosecution, regardless of result, has vindicated the relevant federal interest. That presumption, however, may be overcome when there are factors suggesting an unvindicated federal interest.

The presumption may be overcome when a conviction was not achieved because of the following sorts of factors: first, incompetence, corruption, intimidation, or undue influence; second, court or jury nullification in clear disregard of the evidence or the law; third, the unavailability of significant evidence, either because it was not timely discovered or known by the prosecution, or because it was kept from the trier of fact's consideration because of an erroneous interpretation of the law; fourth, the failure in a prior state prosecution to prove an element of a state offense that is not an element of the contemplated federal offense; and fifth, the exclusion of charges in a prior federal prosecution out of concern for fairness to other defendants, or for significant resource considerations that favored separate federal prosecutions.

The presumption may be overcome even when a conviction was achieved in the prior prosecution in the following circumstances: first, if the prior sentence was manifestly inadequate in light of the federal interest involved and a substantially enhanced sentence -- including forfeiture and restitution as well as imprisonment and fines -- is available through the contemplated federal prosecution, or second, if the choice of charges, or the determination of guilt, or the severity of sentence in the prior prosecution was affected by the sorts of factors listed in the previous paragraph. An example might be a case in which the charges in the initial prosecution trivialized the seriousness of the contemplated federal offense, for example, a state prosecution for assault and battery in a case involving the murder of a federal official.

The presumption also may be overcome, irrespective of the result in a prior state prosecution, in those rare cases where the following three conditions are met: first, the alleged violation involves a compelling federal interest, particularly one implicating an enduring national priority; second, the alleged violation involves egregious conduct, including that which threatens or causes loss of life, severe economic or physical harm, or the impairment of the functioning of an agency of the federal government or the due administration of justice; and third, the result in the prior prosecution was manifestly inadequate in light of the federal interest involved.

The third substantive prerequisite is that the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact. This is the same test applied to all federal prosecutions. *See Principles of Federal Prosecution,* USAM 9-27.200 *et seq.* This requirement turns on the evaluation of the admissible evidence that will be available at the time of trial. The possibility that, despite the law and the facts, the fact-finder may acquit the defendant because of the unpopularity of some factor involved in the prosecution, or because of the overwhelming popularity of the defendant, or his or her cause, is not a factor that should preclude a proposed prosecution. Also, when in the case of a prior conviction the unvindicated federal interest in the matter arises because of the availability of a substantially enhanced sentence, the government must believe that the admissible evidence meets the legal requirements for such sentence.

**E. Procedural prerequisite for Bringing a Prosecution Governed by This Policy.** Whenever a substantial question arises as to whether this policy applies to a prosecution, the matter should be submitted to the appropriate Assistant Attorney General for resolution. Prior approval from the appropriate Assistant Attorney General must be obtained before bringing a prosecution governed by this policy. The United States will move to dismiss any prosecution governed by this policy in

USAM 9-2.031 Dual and Successive Prosecution Policy ("Petite Policy") U.S. ... S. Attorneys' Manual Title 9 Criminal Division Mattersn Criminal Division Matters

Case 3:05-cr-00130-MHT-DRB    Document 19-8    Filed 06/23/2005    Page 4 of 4

which prior approval was not obtained, unless the Assistant Attorney General retroactively approves it on the following grounds: first, that there unusual or overriding circumstances justifying retroactive approval, and second, that the prosecution would have been approved had approval been sought in a timely fashion. Appropriate administrative action may be initiated against prosecutors who violate this policy.

F. **Reservation and Superseding Effect: for Internal Guidance Only, No Substantive or Procedural Rights Created.** This policy has been promulgated solely for the purpose of internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, that are enforceable at law by any party in any matter, civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department of Justice.

All of the federal circuit courts that have considered the question have held that a criminal defendant can not invoke the Department's policy as a bar to federal prosecution. *See, e.g., United States v. Snell,* 592 F.2d 1083 (9th Cir. 1979); *United States v. Howard,* 590 F.2d 564 (4th Cir. 1979); *United States v. Frederick,* 583 F.2d 273 (6th Cir. 1978); *United States v. Thompson,* 579 F.2d 1184 (10th Cir. 1978) (en banc); *United States v. Wallace,* 578 F.2d 735 (5th Cir. 1978); *United States v. Nelligan,* 573 F.2d 251 (5th Cir. 1978); *United States v. Hutul,* 416 F.2d 607 (7th Cir. 1969). The Supreme Court, in analogous contexts, has concluded that Department policies governing its internal operations do not create rights which may be enforced by defendants against the Department. *See United States v. Caceres,* 440 U.S. 471 (1979); *Sullivan v. United States,* 348 U.S. 170 (1954).

This policy statement supersedes all prior Department guidelines and policy statements on the subject.